# IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| CRODA, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 2020-0677-MTZ |
| | ) | |
| NEW CASTLE COUNTY, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER ADDRESSING CROSS-MOTIONS
## FOR SUMMARY JUDGMENT ON COUNTS I AND II

WHEREAS, on review of Plaintiff's motion for summary judgment (the "Motion") and Defendant's cross-motion for summary judgment (the "Cross-Motion," and together, the "Motions"), as briefed and taken under advisement on September 3, 2021, it appears:[1]

---

[1] For the purposes of the pending Motions, I draw the relevant facts from the Verified Complaint, Docket Item ("D.I.") 1 [hereinafter "Compl."], as well as the admissions on file, together with any affidavits. *See* Ct. Ch. R. 56(c). Citations in the form of "Croda OB" refer to Plaintiff's Opening Brief in Support of Its Motion for Summary Judgment, available at D.I. 11. Citations in the form of "Croda RB" refer to Plaintiff's Reply Brief in Support of Its Motion for Summary Judgment and Answering Brief in Opposition to New Castle County's Motion for Summary Judgment, available at D.I. 17. Citations in the form of "NCC OB" refer to Defendant New Castle County's Opening and Answering Brief in Support of Its Cross-Motion for Summary Judgment, and citations in the form of "NCC OB Ex. —" refer to the exhibits attached to the Transmittal Affidavit of Max B. Walton in support of Defendant's Cross-Motion and in opposition to Plaintiff's Motion, available at D.I. 14. Citations in the form of "NCC RB" refer to Defendant New Castle County's Reply Brief in Support of Its Cross-Motion for Summary Judgment, available at D.I. 18.

A.     Plaintiff Croda, Inc. is a Delaware corporation with its principal place of business in Edison, New Jersey.[2]  Since 2006, Croda has been the sole owner and operator of a chemical manufacturing facility known as Atlas Point, which is located at 315 Cherry Lane, New Castle, Delaware, 19720.[3]  The Atlas Point facility is located on land in New Castle County that has been zoned Heavy Industrial ("HI") throughout the time Croda has owned and operated the facility.[4]

B.     Defendant New Castle County (the "County") is a political subdivision of the State of Delaware.[5]  On April 30, 2019, the County Council introduced proposed Ordinance No. 19-046, "To Amend New Castle County Code Chapter 40 ('Unified Development Code'), Article 3 ('Use Regulations') And Article 33 ('Definitions') Regarding Landfills" ("Ordinance 19-046").[6]

C.     Ordinance 19-046 contains four sections.[7]  Section 1 amends Section 40.03.323 of the Unified Development Code ("UDC") to add a 140-foot height limitation to solid waste landfills.[8]  Section 2 amends the general use table in UDC

---

[2] Compl. ¶ 3.

[3] *Id.* ¶¶ 3, 6.

[4] *Id.* ¶ 6.

[5] *Id.* ¶ 4.

[6] *Id.* ¶ 8.

[7] *Id.* Ex. A.

[8] *Id.*; Compl. ¶ 10.

Section 40.03.110 (the "General Use Table").[9]  The amendment requires special use review for future industrial uses in HI zoning districts.[10]  Section 3 adds "Solid Waste Landfills" to the definition of "Industrial [U]ses" considered "Heavy [I]ndustry" in UDC Section 40.33.270.[11]  Section 4 states, "This Ordinance shall become effective immediately upon its adoption by New Castle County Council and approval of the County Executive, or as otherwise provided in 9 *Del. C.* Section 1156."[12]

D.     On July 27, 2019, the County published notice of Ordinance 19-046 in *The News Journal*, a general circulation newspaper in the County, along with information regarding the various public hearings on Ordinance 19-046, including the agenda for its August 27 meeting.[13]  It did so by listing the title of the Ordinance.

E.     On August 7, the County's Department of Land Use held a public hearing at which the County Planning Board recommended in favor of Ordinance 19-046.[14]  On August 27, the County Council held a public hearing on

---

[9] Compl. Ex. A; Compl. ¶ 12.  The General Use Table displays zoning districts as columns and type of land use as rows.  *See* New Castle Cty. C. § 40.03.110.  The land uses are grouped by category, for example, Industrial Uses, and then by type, for example, Heavy Industry.  *Id*.  The UDC defines land uses that fall under Heavy Industry in Section 40.33.270(C), for example, chemical manufacturing or solid waste landfills.  *Id.*  at § 40.33.270(C).

[10] Compl. Ex. A; Compl. ¶ 12.

[11] Compl. Ex. A; Compl. ¶ 10.

[12] *Id.* Ex. A.

[13] Compl. ¶ 18; NCC OB Ex. A.

[14] Compl. ¶¶ 19, 22; *see also* Croda OB Ex. B.  The parties did not submit the full transcript of the August 7, 2019 public hearing.

3

the ordinances published in July, including Ordinance 19-046.[15]  The County Council Land Use Committee and members of the public discussed Ordinance 19-046.[16]  On August 31, the County published notice in *The News Journal* that the County Council had adopted Ordinance 19-046.[17]

F.    On January 18, 2020, the County published notice in *The News Journal* of another County ordinance, Ordinance No. 20-008, titled, "To Amend New Castle County Code Chapter 40 ('Unified Development Code'), Article 3 ('Use Regulations') And Article 33 ('Definitions') Regarding Industrial Uses" ("Ordinance 20-008").[18]  Ordinance 20-008 would have retracted Section 2 of Ordinance 19-046 as applied to industrial uses other than landfills.  On May 5, the County Planning Board held a public hearing addressing Ordinance 20-008.[19]  To date, neither the County Planning Board nor the Department of Land Use have issued a recommendation on Ordinance 20-008.[20]   Therefore, Section 2 of Ordinance 19-046 stands as to all industrial uses.

---

[15] Compl. ¶ 23; NCC OB Ex. A.

[16] *See* Croda OB Ex. C; NCC OB Ex. D.  The parties did not submit the full transcript of the August 27, 2019 public hearing.

[17] NCC OB Ex. B.

[18] NCC OB Ex. C.

[19] Croda RB at 7.

[20] *Id.*

G.     On June 17, a private attorney emailed Croda's Senior Corporate Counsel about Ordinances 19-046 and 20-008: "Ordinance 20-008 was intended to fix an error in a 2019 ordinance that could impact CRODA in regard to any future expansions."[21] According to Croda, without Ordinance 20-008's "fix," Atlas Point's planned future modifications or expansions are subject to Ordinance 19-046's special use permit requirements, instead of permitted "by right."[22]

H.     Croda filed its complaint in this action on August 17 (the "Complaint").[23] The Complaint asserts four counts. Count I seeks injunctive relief barring adoption and enforcement of Section 2 of Ordinance 19-046.[24] Count II seeks a declaratory judgment that the "County's approval of [Ordinance 19-046] was arbitrary, capricious and illegal" and is void without legal force or effect.[25] Count III alleges the County violated Croda's procedural due process rights and, as a result, is liable to Croda under 42 U.S.C. § 1983.[26] Count IV alleges the County violated

---

[21] Croda OB Ex. E, Affidavit of Shawn P. Tucker, Esquire ¶¶ 2, 7; *id.* at Ex. 1; Compl. ¶ 33.

[22] Compl. ¶ 7.

[23] *See generally* Compl.

[24] *Id.* ¶¶ 37–45.

[25] *Id.* ¶¶ 46–49.

[26] *Id.* ¶¶ 50–57.

Croda's substantive due process and, as a result, is liable to Croda under 42 U.S.C. § 1983.[27]

I.	Croda moved for summary judgment on Counts I, II, and III on November 20.[28] On December 23, the County filed its answering brief and opening brief in support of its Cross-Motion seeking summary judgment in its favor on Counts I, II, III, and IV.[29] The County seeks summary judgment on Counts I and II on the grounds that Croda's claims are barred by 10 *Del. C.* § 8126 (the "Statute of Repose") because Croda filed its Complaint more than sixty days after Ordinance 19-046 was noticed on August 31, 2019.[30] The parties fully briefed the Motions and the Court heard oral argument on September 3, 2021.[31] By separate order dated today, the County's Cross-Motion was granted as to Counts III and IV. This order denies Croda's Motion and grants the County's Cross-Motion on Counts I and II.

J.	Summary judgment is appropriate when "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law."[32] On a motion for summary judgment, "[t]he moving party bears the burden

---

[27] *Id.* ¶¶ 58–62.

[28] D.I. 11.

[29] D.I. 14; D.I. 15.

[30] D.I. 14 at 11–17.

[31] D.I. 17; D.I. 18; D.I. 25; D.I. 32.

[32] Ct. Ch. R. 56(c).

of establishing that there are no issues of material fact, and the court must review all evidence in the light most favorable to the non-moving party."[33]

> Where the parties have filed cross motions for summary judgment and have not presented argument to the Court that there is an issue of fact material to the disposition of either motion, the Court shall deem the motions to be the equivalent of a stipulation for decision on the merits based on the record submitted with the motions.[34]

K.    The Statute of Repose provides:

> No action, suit or proceeding in any court, whether in law or equity or otherwise, in which the legality of any ordinance, code, regulation or map, relating to zoning, or any amendment thereto, or any regulation or ordinance relating to subdivision and land development, or any amendment thereto, enacted by the governing body of a county or municipality, is challenged, whether by direct or collateral attack or otherwise, shall be brought after the expiration of 60 days from the date of publication in a newspaper of general circulation in the county or municipality in which such adoption occurred, of notice of the adoption of such ordinance, code, regulation, map or amendment.[35]

The Statute of Repose is "jurisdictional and therefore may not be waived."[36] Delaware courts strictly apply the sixty-day limit from the date of publication to "promote predictability[,] stability,"[37] "order[,] and certainty when a legislative

---

[33] *Weil v. VEREIT Operating P'ship, L.P.*, 2018 WL 834428, at *3 (Del. Ch. Feb. 13, 2018) (internal quotation marks omitted) (quoting *Gary v. Beazer Homes USA, Inc.*, 2008 WL 2510635, at *3 (Del. Ch. June 11, 2008)).

[34] Ct. Ch. R. 56(h).

[35] 10 *Del. C.* § 8126(a).

[36] *Sterling Prop. Hldgs., Inc. v. New Castle Cty.*, 2004 WL 1087366, at *3 (Del. Ch. May 6, 2004).

[37] *Acierno v. New Castle Cty.*, 2006 WL 1668370, at *4 (Del. Ch. June 8, 2006) (internal quotation marks omitted) (quoting *Admiral Hldg. v. Town of Bowers*, 2004 WL 2744581,

body enacts a land use ordinance by encouraging prompt challenges to an adopted statute or ordinance."[38]

L. Equitable tolling does not apply to statutes of repose.[39] "This Court and the United States Supreme Court have explained that statutes of repose are not subject to tolling doctrines sourced in equity."[40]

**IT IS ORDERED**, this 28th day of October, 2021, that:

1. Croda's challenges to Ordinance 19-046 are time-barred under the Statute of Repose. The Statute of Repose is not subject to equitable tolling.

2. Croda argues that Ordinance 19-046 should be declared invalid for

---

at *2 (Del. Super. Oct. 18, 2004)); *Sterling Prop. Hldgs.*, 2004 WL 1087366, at *3; *Council of Civic Orgs. of Brandywine Hundred, Inc. v. New Castle Cty.*, 1993 WL 390543, at *6 (Del. Ch. Sept. 21, 1993).

[38] *In re Kent Cty. Adequate Pub. Facilities Ordinances Litig.*, 2009 WL 445611, at *7 (Del. Ch. Feb. 11, 2009); *see also Council of S. Bethany v. Sandpiper Dev. Corp.*, 1986 WL 13707, at *2 (Del. Ch. Dec. 8, 1986) ("[I]t is highly significant that [10 *Del. C.* § 8126(a)] creates an extraordinarily short (60 day) period during which zoning regulations must be challenged. . . . [T]hat policy translates directly to the interest of local communities in stable land use regulatory arrangements and in freedom from the uncertainty and disruption that would result if such arrangements were permitted to remain legally vulnerable for long periods.").

[39] *See JPMorgan Chase Bank, N.A. v. Ballard*, 213 A.3d 1211, 1238 n.154 (Del. Ch. 2019) (distinguishing statutes of repose from statutes of limitations with respect to equitable tolling).

[40] *IMO Est. of Lambeth*, 2018 WL 3239902, at *3 (Del. Ch. July 2, 2018) (MASTER'S REPORT) (citing *Cal. Pub. Emps.' Ret. Sys. v. ANZ Sec., Inc.*, 137 S. Ct. 2042, 2050 (2017)), *adopted sub nom. Lambeth v. Kendall*, 2018 WL 3537086 (Del. Ch. July 20, 2018).

8

violating titling requirements in 9 *Del. C.* § 1152(a)[41] and NCC Council Rule 2.2.1.[42] Challenges to validity are challenges to legality for purposes of the Statute of Repose.[43] The Statute of Repose "bars any challenge to the legality of a zoning ordinance adopted by a county [] unless the challenge is made within 60 days of the date of publication of the adoption of the ordinance in a newspaper of general circulation in the county or municipality where the adoption occurred."[44] The County published the notice of adoption on August 31, 2019.[45] Croda filed its Complaint on August 17, 2020.[46] Croda's argument that Ordinance 19-046 is invalid for failing to comply with the County's titling requirements is a time-barred challenge to Ordinance 19-046's legality. I therefore cannot reach whether the title of, or notice regarding, Ordinance 19-046 provided adequate notice of its contents.

3.　　Croda relies on *In re Kent County Adequate Public Facilities*

---

[41] Compl. ¶¶ 25, 27; Croda OB 17–18 ("No ordinance, except those relating to the budget or appropriation of funds and those relating to the adoption or revision of the County Code shall contain more than 1 subject which shall be clearly expressed in its title." (emphasis omitted) (quoting 9 *Del. C.* § 1152(a))).

[42] Compl. ¶¶ 26–27; Croda OB 18 (quoting NCC Council R. 2.2.1); NCC Council R. 2.2.1 ("The title shall clearly express the matter addressed in the legislation for maximum public notice. The title to land use legislation shall include the names of developments, addresses, parcel numbers and other key information.").

[43] *See Sterling Prop. Hldgs.*, 2004 WL 1087366, at *3 n.13.

[44] *Sandpiper Dev. Corp.*, 1986 WL 13707, at *1; *see also* 10 *Del. C.* § 8126(b).

[45] NCC OB Ex. B.

[46] *See generally* Compl.

*Ordinances Litigation*[47] to argue that the Statute of Repose should be equitably tolled where legislation "den[ies] citizens a fair opportunity to challenge an adopted ordinance" and a "literal application of § 8126 would work an absurd result."[48] Croda contends the purported lack of notice should not foreclose an opportunity to challenge Ordinance 19-046 under the Statute of Repose.[49]

4.      In *Kent County*, the Levy Court enacted an ordinance "in which the effective date of the ordinance was entirely contingent upon a third-party's (the General Assembly) taking a discretionary act in its own right to repeal 29 *Del. C.* § 9124(b)."[50] The plaintiffs argued that the sixty-day period could not begin to run under the Statute of Repose unless and until there was a definitive effective date.[51] The Court of Chancery determined the "unique" and "unusual context" of the County's adoption required that the sixty-day time limit to challenge the previously-adopted ordinance be tolled until the effective date—when the ordinance was no longer "a legal nullity."[52] *Kent County* is factually distinguishable from this matter,

---

[47] 2009 WL 445611.

[48] Croda RB at 8 (quoting *Kent County*, 2009 WL 445611, at *6–7).

[49] *Id.*

[50] *Kent County*, 2009 WL 445611, at *7.

[51] *Id.*

[52] *Id.* at *6; *id.* at *7 ("Although on the one hand the purpose of § 8126 is to promote order, finality, and certainty to adopted legislation, it is not intended to deny citizens a fair opportunity to challenge an adopted ordinance. Under these circumstances, the Court

in which the Ordinance was introduced and made effective according to the ordinary course. Ordinance 19-046 was not "a legal nullity" when notice of its adoption was published on August 31, 2019. Its effective date was not contingent on a third party's discretionary act. Tolling is not appropriate here.

5.      The plain language of the Statute of Repose prohibits challenges "brought after the expiration of 60 days from the date of publication . . . of notice of the adoption of such ordinance."[53] The starting point for the sixty-day period is the date the notice is published in "a newspaper of general circulation in the county or municipality in which such adoption occurred," and not the date that a potential challenger received notice.[54] Consequently, Croda had sixty days from August 31, 2019, until October 30, 2019, to challenge Ordinance 19-046, regardless of any deficiency in its title. Croda did not file its Complaint until August 17, 2020.[55] Croda's challenge to Ordinance 19-046 is barred by the Statute of Repose.

---

concludes that the sixty-day time limit under § 8126 did not begin to run until the General Assembly repealed 29 *Del. C.* § 9124(b).").

[53] 10 *Del. C.* § 8126(a).

[54] *See id.*

[55] *See generally* Compl.

11

6.     The County's Cross-Motion for Summary Judgment is **GRANTED** as to Counts I and II.  Accordingly, and for the same reasons, Croda's Motion is **DENIED** as to Counts I and II.

*/s/ Morgan T. Zurn*
Vice Chancellor Morgan T. Zurn
